MEMORANDUM **
Plaintiff Royce Mathew appeals from the district court’s grant of Disney’s motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and from the district court’s entry of a consent judgment as to Disney’s counterclaim. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
1. Mathew’s nearly four-year delay in providing notice of rescission substantially prejudiced Disney.
Mathew learned of Disney’s alleged fraudulent procurement of their mutual release (the “Release”) on June 1, 2009. As Mathew conceded at oral argument, he did not provide Disney notice of his intent to rescind the Release until he filed suit on May 28, 2013, nearly four years after “ ‘discovering] the facts which entitled him to rescind.’” Citicorp Real Estate, Inc. v. Smith, 155 F.3d 1097, 1104 (9th Cir. 1998) (quoting Cal. Civ. Code § 1691). The notice was not prompt.
California Civil Code § Í693 provides that a claim for rescission “shall not be *511 denied because of delay in giving notice of rescission unless such delay has been substantially prejudicial to the other party,” Cal. Civ. Code § 1693. Whether a party has been substantially prejudiced by a delay is a fact-specific inquiry. Wilke v. Coinway, Inc., 257 Cal.App.2d 126, 64 Cal.Rptr. 845, 854 (1967).
This court, in the context of laches, has held that substantial prejudice exists where a defendant shows that during a plaintiffs delay, the defendant “invested money to expand its business or entered into business transactions based on its presumed rights.” Petrella v. Metro-Goldwyn-Mayer, Inc., 695 F.3d 946, 953 (9th Cir. 2012) (internal quotation marks and alteration omitted), overruled on other grounds by Petrella v. Metro-Goldwyn-Mayer, Inc., — U.S. -, 134 S.Ct. 1962, 188 L.Ed.2d 979 (2014); see also Danjaq LLC v. Sony Corp., 263 F.3d 942, 956 (9th Cir. 2001) (holding that the record supported a finding of economic prejudice where there was “uncontested evidence” that the defendant invested a billion dollars in developing, producing, and marketing the James Bond films).
While a finding of substantial prejudice is generally premature at the 12(b)(6) stage, here the Second Amended Complaint alleges that since May 28, 2010, Disney has continuously exploited the Pirates of the Caribbean Franchise “in movies, television, on-line streaming, DVD’s, video games, merchandising and otherwise in connection with ... public showings, distribution, licensing, and merchandising,” released a fourth movie in the series, and worked on developing a fifth movie. These allegations are sufficient to hold that Disney suffered economic prejudice from Mathew’s delay in seeking rescission because, relying on its presumed rights, including the comprehensive Release obtained from Mathew, Disney expended significant resources in developing its Pirates of the Caribbean Franchise. Accordingly, Mathew cannot rescind the Release.
2. The district court did not err in entering a consent judgment in favor of Disney on Disney’s counterclaim.
“[U]pon agreement of the parties,” the court entered judgment in favor of Disney on Disney’s counterclaim in the amount of $3,500. A consent judgment that “appears by the record to have been rendered by consent, is always affirmed, without considering the merits of the cause.” United States v. Bechtel Corp., 648 F.2d 660, 663 (9th Cir. 1981) (internal quotation marks omitted). Because Mathew does not contest that he consented to the entry of judgment, the consent judgment must be affirmed.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.